UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

DENISA CUCU, JUAN GALICIA, JOHANNA INIGUEZ, JUAN M. MANZANARES MANJARREZ, and VASILIKI PANTAZOPOULOU, individually and in behalf of all other persons similarly situated,

> Plaintiffs,

–against–

861 REST. INC. d/b/a PARK CAFÉ and SOPHOCLES DERTOUZOS a/k/a SOFOKLIS DEROUZOS, jointly and severally,

> Defendants.

14 CV 1235 (JGK)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

### TABLE OF CONTENTS

I.   Legal Issue and Summary Judgment Standard ........................................................................ 4

II.  No Material Factual Dispute and Plaintiffs Entitled to Partial Summary Judgment that Defendants Violated Law by Unlawfully Taking Tip Credit and Owe Plaintiffs Minimum Wages and Overtime ........................................................................ 5

   A.   Defendants Required to Pay Plaintiffs Minimum Wages ........................................... 5

   B.   Defendants Required to Pay Plaintiffs Overtime Premium ....................................... 6

   C.   Employer Must Satisfy Requirements to Take Tip Credit against Minimum Wages  6

   D.   Defendants Not Entitled to Tip Credit and therefore Liable to Plaintiffs for Minimum Wages and Overtime Premium ................................................................ 9

III. Defendants Failed to Pay Plaintiffs Uniform Maintenance Pay ........................................... 12

IV.  Plaintiffs Entitled to Federal and State Liquidated Damages ............................................... 15

V.    Defendants Violated Wage Theft Prevention Act and Plaintiffs Entitled to Statutory Damages ...................................................................................................................... 17

VI.   Provision for Automatic Increase of Judgment ....................................................... 19

VII.  Conclusion .............................................................................................................. 20

**TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........................................................ 5

*Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008) ...................................... 15

*Cao v. Wu. Liang Ye Lexington Rest., Inc.*, No. 08 CV 3725, 2010 U.S. Dist. LEXIS 109373, 2010 WL 4159391 (S.D.N.Y. Sept. 30, 2010) ........................................................................ 7, 8

*Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115 (N.Y. App. Div. 1980) ................................................ 14

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) .................................................................... 5

*Chung v. New Silver Palace Rest., Inc.*, 246 F. Supp. 2d 220 (S.D.N.Y. 2002) ............................. 6

*Dickerson v. Napolitano,* 604 F.3d 732 (2d Cir. 2010) ....................................................... 5

*Fermin v. Las Delicias Peruanas Rest., Inc.*, No. 14 CV 559, 2015 U.S. Dist. LEXIS 34457 (E.D.N.Y. Feb. 27, 2015), *adopted by* 2015 U.S. Dist. LEXIS 34365 (E.D.N.Y. Mar. 19, 2015) .................................................................................................................... 7, 8

*Fu v. Pop Art Int'l Inc.*, No. 10 CV 8562, 2011 WL 4552436 (S.D.N.Y. Sept. 19, 2011) ............... 15

*Gonzalez v. Jane Roe Inc.*, No. 10 CV 1000, 2014 U.S. Dist. LEXIS 117194 (E.D.N.Y. July 24, 2014), *adopted by* 2014 U.S. Dist. LEXIS 116171 (E.D.N.Y. Aug. 19, 2014) .................... 7, 8

*In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76 (2d Cir. 2008) ........................................... 5

*Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240 (S.D.N.Y. 2008) .................................................. 14

*McLean v. Garage Mgmt. Corp.*, Nos. 09 CV 9325 & 10 CV 3950, 2012 U.S. Dist. LEXIS 55425 (S.D.N.Y. Apr. 19, 2012) ...................................................................................... 15

*Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942) ............................................... 14

*Padilla v. Manlapaz*, 643 F. Supp. 2d 302 (E.D.N.Y. 2009) ....................................................... 8, 9

*Quintanilla v. Suffolk Paving Corp.*, No. 09 CV 5331, 2012 U.S. Dist. LEXIS 132469 (E.D.N.Y. Sept. 17, 2012) ................................................................................................16

*Reilly v. NatWest Mkts. Grp., Inc.*, 181 F.3d 253 (2d Cir. 1999) ......................................................14

*Tudor v. Comm'r of Labor*, No. PR 10-050, slip op. (N.Y. Indus. Bd. of Appeals Dec. 14, 2012).. 9

**Statutes**

29 U.S.C. § 203(m) ................................................................................................6, 7

29 U.S.C. § 206 ................................................................................................ 5

29 U.S.C. § 206(a)(1) ................................................................................................ 6

29 U.S.C. § 216(b) ................................................................................................16

29 U.S.C. § 218(a) ................................................................................................ 6

N.Y. Lab. Law § 195(1) ................................................................................................17

N.Y. Lab. Law § 195(3) ................................................................................................ 8, 18

N.Y. Lab. Law § 198(1-b) (amended 2014) ................................................................................................17

N.Y. Lab. Law § 198(1-d) (amended 2014) ................................................................................................18

N.Y. Lab. Law § 198(4) ................................................................................................19

N.Y. Lab. Law § 652(1) ................................................................................................ 5, 6

N.Y. Lab. Law § 652(4) ................................................................................................ 6

N.Y. Lab. Law § 663(1) ................................................................................................15, 16

N.Y. Lab. Law § 663(4) ................................................................................................19

**Rules**

29 C.F.R. § 531.59 ................................................................................................ 8

29 C.F.R. § 531.59(b) ................................................................................................ 8

29 C.F.R. § 778.110 ................................................................................................ 6

Fed. R. Civ. P. 56(a) ................................................................................................ 5

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2 ................................................................................................ 5, 6

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3 ................................................................................................ 6, 8

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4. .............................................................. 6

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.7 .............................................................12

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.7(a).........................................................12

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2 .............................................................. 8

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3 ......................................................... 8, 18

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.10 ...........................................................12

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.3(d).......................................................... 8

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.5(a) .......................................................... 6

## I.    LEGAL ISSUE AND SUMMARY JUDGMENT STANDARD

The plaintiffs move for partial summary judgment for the plaintiffs and against the defendants.

This is an action primarily for damages from the failure of the defendants, referred to hereinafter collectively as Park Café, to pay the plaintiffs, Ms. Cucu, Ms. Iniguez, Mr. Manzanares Manjarrez, and Ms. Pantazopoulou, the minimum wage in violation of the Fair Labor Standards Act and the Minimum Wage Act.

Although the amount of the actual damages to which the plaintiffs are entitled is disputed, there is no genuine dispute as to much of the defendants' liability. The plaintiffs therefore move for partial summary judgment as to the defendants' liability as set forth in this motion, in expectation of a trial to determine the remaining issues and damages. Also, the defendants' liability as to their violations of Section 195(1)–(3) of the New York Labor Law entitle the plaintiffs to statutory damages and, because there is no material dispute as to the amount of those damages, the plaintiff is entitled to the entry of judgment for those damages.

4

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In making that determination, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." *Dickerson v. Napolitano,* 604 F.3d 732, 740 (2d Cir. 2010); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 87 (2d Cir. 2008).

The parties have stipulated that the defendants are covered by the Fair Labor Standards Act, and that the defendant Mr. Dertouzos and Mr. Averkiou are individually liable. *See* Dertouzos Dep. 7:20–25, 8:2–4, ECF No. 67; Averkiou Dep. 6:3–11, ECF No. 66.

## II.   NO MATERIAL FACTUAL DISPUTE AND PLAINTIFFS ENTITLED TO PARTIAL SUMMARY JUDGMENT THAT DEFENDANTS VIOLATED LAW BY UNLAWFULLY TAKING TIP CREDIT AND OWE PLAINTIFFS MINIMUM WAGES AND OVERTIME

The defendants are not entitled to take the tip credit towards the minimum wages paid the plaintiffs, because there is no material factual dispute that the defendants have failed to satisfy the requirements to do so. Therefore, the defendants underpaid the plaintiffs' minimum wages and overtime premium, and the plaintiffs entitled to summary judgment that the defendants are liable. For three of the four plaintiffs, there is no material factual dispute as to facts sufficient to entitle those plaintiffs to a partial award of damages, with the remaining damages for these three plaintiffs, and the damages owed the one remaining plaintiff, to be determined at trial.

### A.      Defendants Required to Pay Plaintiffs Minimum Wages

An employer subject to the Fair Labor Standards Act is required to pay its employees at least the federal minimum wage for every hour worked. 29 U.S.C. § 206. The New York Minimum

Wage Act also prescribes a minimum wage. N.Y. Lab. Law § 652(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2(a). If the state minimum wage exceeds the federal minimum wage, the employer must pay at least the state minimum wage for every hour worked. 29 U.S.C. § 218(a). During the time concerned for the calculation of damages in this motion, the federal and New York minimum wage rates were the same, $7.25 per hour, until December 30, 2013, when the New York minimum wage rate increased to $8.00 per hour. *Compare id.* § 206(a)(1) *with* N.Y. Lab. Law § 652(1) *and* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2(a).

### B.       Defendants Required to Pay Plaintiffs Overtime Premium

Employers also owe overtime compensation at a rate not less than one and one-half times their employees' regular rate of pay for the hours the plaintiffs worked in excess of forty per workweek. 29 U.S.C. § 207(a); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4. If an employee is paid at an hourly rate, that is the regular rate. 29 C.F.R. § 778.110; N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.5(a).

### C.       Employer Must Satisfy Requirements to Take Tip Credit against Minimum Wages

An employer may take a tip credit against the minimum wage for certain employees who receive tips from their employer's customers. 29 U.S.C. § 203(m); N.Y. Lab. Law § 652(4); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3. The tip credit may not exceed the tips actually received by the employee. 29 U.S.C. § 203(m); N.Y. Lab. Law § 652(4); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3. However, the tip credit is subject to requirements that must be "strictly construed, and must be satisfied even if the employee received tips at least equivalent to the minimum wage." *Chung v. New Silver Palace Rest., Inc.*, 246 F. Supp. 2d 220, 229 (S.D.N.Y. 2002).

For an employer to take the tip credit, the Fair Labor Standards Act requires "employer explanation to employees of the tip credit provisions." Updating Regulations Issued under the Fair Labor Standards Act, 76 Fed. Reg. 18,832, 18,843 (Apr. 5, 2011) (quoting S. Rep. No. 93-690, at 40 (1974)); *accord* 29 U.S.C. § 203(m) ("The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection…."). "[T]he employer must first notify the employees of its intention to include tip income when calculating wages actually paid for minimum wage purposes." *Gonzalez v. Jane Roe Inc.*, No. 10 CV 1000, 2014 U.S. Dist. LEXIS 117194, at *8 n.4 (E.D.N.Y. July 24, 2014) (quoting *Cao v. Wu. Liang Ye Lexington Rest., Inc.*, No. 08 CV 3725, 2010 U.S. Dist. LEXIS 109373, at *5–6, 2010 WL 4159391, at *2 (S.D.N.Y. Sept. 30, 2010)), *adopted by* 2014 U.S. Dist. LEXIS 116171 (E.D.N.Y. Aug. 19, 2014); *see Fermin v. Las Delicias Peruanas Rest., Inc.*, No. 14 CV 559, 2015 U.S. Dist. LEXIS 34457, at *39–40 (E.D.N.Y. Feb. 27, 2015), *adopted by* 2015 U.S. Dist. LEXIS 34365 (E.D.N.Y. Mar. 19, 2015).

> Pursuant to section 3(m), an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: The amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit

7

shall not apply to any employee who has not been informed of these requirements in this section.

29 C.F.R. § 531.59; *see* U.S. Dep't of Labor, Wage & Hour Div., Fact Sheet #15, Tipped Employees under the Fair Labor Standards Act (FLSA) (2013).

Under the Minimum Wage Act, too, an employer "may take a credit towards the basic minimum hourly rate if a service employee or food service worker received enough tips and if the employee has been notified of the tip credit." *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3, *see also Fermin*, 2015 U.S. Dist. LEXIS 34457, at *39–40; *Gonzalez*, 2014 U.S. Dist. LEXIS 117194, at *8 n.4 (citing *Cao*, 2010 U.S. Dist. LEXIS 109373, at *6, 2010 WL 4159391, at *2). The employer must give the employee a written notice at the start of employment and with any change in its information that must include, among other information, the tip credit (also called the tip allowance) claimed as part of the minimum wage. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2. "The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate."*Id.* The employer also must furnish to the employee a statement with every payment of wages that must include the tip credit actually claimed as part of the minimum wage for that workweek. *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 309–10 (E.D.N.Y. 2009); N.Y. Lab. Law § 195(3); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3. The employer has the burden of proving it has obeyed the law. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3.

To establish that the employer is entitled to take the tip credit as to an employee, it is the employer's burden of proof to "demonstrate that the employee received at least that amount in actual tips." 29 C.F.R. § 531.59(b); *see* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.3(d). The Minimum Wage Act requires employers to keep for six years weekly payroll records showing tip

credits claimed as part of the minimum wage. *Padilla*, 643 F. Supp. 2d at 310. If an employer fails to keep records of tips, the employer cannot take the tip credit. *See id.*; *Tudor v. Comm'r of Labor*, No. PR 10-050, slip op. at 9 (N.Y. Indus. Bd. of Appeals Dec. 14, 2012).

### D.    Defendants Not Entitled to Tip Credit and therefore Liable to Plaintiffs for Minimum Wages and Overtime Premium

Park Café is not entitled to the tip credit for part of each employees' employment because Park Café did not provide proper notice or maintain proper records.

Park Café did not give Ms. Cucu any written notice concerning her wages or informed her of the tip credit until February 7, 2013. *See* Affirmation Supp. Mot. Partial Summ. J. ex. 2 at 9; Aff. Pl. Supp. Mot. Partial Summ. J. (Cucu) ¶6, ECF no. 63; Averkiou Dep. 13:22–25, 14:2–5, 23:20–25, 24:2–20. Park Café's oral communication to Ms. Cucu is also insufficient as proper notice because it failed to explain the tip credit as required. *See* Averkiou Dep. 12:16–20, 12:25, 13:2–18, 14:11–25, 15:3–7; Dertouzos Dep. 17:25, 18:2–5, 17:7–14. Accordingly, the defendants are not entitled to take the tip credit toward the minimum wage for Ms. Cucu for the time in which she was employed before February 7, 2013.

Park Café paid Ms. Cucu an hourly rate of $5.00 per hour. *See* Dep. Dertouzos 15:3–4. Mr. Dertouzos claimed in his deposition that he gave a receipt with the plaintiff's hours with each payment of wages, and these documents were provided in fact discovery. *See* Dertouzos Dep. 16:4–24. Although Ms. Cucu asserts that she worked more hours than the paystubs reflect, there is no material factual dispute that Ms. Cucu worked at least the hours on the paystubs, and Ms. Cucu is entitled to partial summary judgment on her undisputed damages, with additional damages to be determined at trial. *See* Second Am. Compl. ¶23, ECF No. 41. According to the records the defendants provided in fact discovery, the Ms. Cucu worked 950 hours from September 24, 2012, until February 3, 2013, at a rate of $5.00 per hour. *See* Affirmation Supp. Mot. Partial Summ. J. ex.

1 at 250–333. Thus, she is owed $2.25 for 950 hours of straight time work during that period of time, and is owed $1,480.50 in minimum wages.

Park Café never gave Ms. Iniguez any written notice concerning her wages or informed her of the tip credit until February 7, 2013. *See* Aff. Supp. Mot. Partial Summ. J. (Iniguez) ¶5, ECF No. 64; Affirmation Supp. Mot. Partial Summ. J. ex. 2 at 1; Averkiou Dep. 21:24–25, 22:2–3; Dertouzos Dep. 35:5–15. Park Café's oral communication to Ms. Iniguez is also insufficient as proper notice because it failed to explain the tip credit as required. *See* Averkiou Dep. 20:18–19; 22:17–24. Accordingly, the defendants are not entitled to take the tip credit toward the minimum wage for Ms. Iniguez.

Park Café provided a receipt to Ms. Iniguez with each payment of wages, and Mr. Dertouzos asserted in deposition that the information on the receipt was correct. *See*; Averkiou Dep. 21:7–9; Dertouzos Dep. 29:12–17; 34:21–25. The defendants provided copies of the information on these receipts in their document production during fact discovery. Affirmation Supp. Mot. Partial Summ. J. ex. 1. Although Ms. Iniguez asserts that she worked more hours than the paystubs reflect, there is no material factual dispute that Ms. Iniguez worked at least the hours on the paystubs, and Ms. Iniguez is entitled to partial summary judgment on her undisputed damages, with additional damages to be determined at trial. *See* Second Am. Compl. ¶37. According to these records, until February 7, 2013, Ms. Iniguez worked 602 hours for which she was paid at the tip credit rate of $4.65 per hour but owed the minimum wage rate of $7.25 per hour; 3,335 hours for which she was paid at the tip credit rate of $5.00 per hour but owed $7.25 per hour, and 14 hours of hours worked above forty per week for which she was paid the tip credit overtime rate of $8.28 per hour but owed $10.88 per hour. *See* Affirmation Supp. Mot. Partial Summ. J. ex.

10

1 at 334–505. Thus, Ms. Iniguez is owed $9,156.70 of minimum wages and $36.40 of overtime premium.

Park Café did not keep track of Mr. Manzanares Manjarrez's tips. *See* Dertouzos Dep. 22:24–25, 23:2. Accordingly, the plaintiff is entitled to partial summary judgment that the defendants are not entitled to take the tip credit toward the minimum wage for Mr. Manzanares Manjarrez. The facts concerning the damages to which Manzanares Manjarrez is entitled are disputed, and should be determined at trial.

Park Café never gave Ms. Pantazopoulou any written notice concerning her wages or informed her of the tip credit. *See* Averkiou Dep. 19:3–6; Dertouzos Dep. 27:13–15. Park Café's oral communication to Ms. Pantazopoulou is also insufficient as proper notice because it failed to explain the tip credit as required. *See* Averkiou Dep. 20:8–10; Dertouzos Dep. 28:15–17. Accordingly, the defendants are not entitled to take the tip credit toward the minimum wage for Ms. Pantazopoulou. Ms. Pantazopoulou worked for the defendants from November 2007 until April 2011. *See* Affirmation Supp. Mot. Partial Summ. J. ex. 3; Aff. Pl. Supp. Mot. Partial Summ. J. (Pantazopoulou) ¶2, ECF No. 65. Mr. Averkiou, at his deposition, asserted that Ms. Pantazopoulou worked for Park Café from approximately from approximately four years before March 2016 for approximately two years. *See* Dep. Averkiou 16:6–22. Mr. Dertouzos asserted in his deposition that Ms. Pantazopolou started working for Park Café approximately five or six years before March 2016 and worked for Park Café for between one and one and one-half years. *See* Dertouzos Dep. 24:23–25. Ms. Pantazopoulou worked greater than thirty hours per week. *See* Dertouzos Dep. 25:20–25, 27:3–6. Park Café furnished Ms. Pantaopoulou with paystubs that contained information about the hours Ms. Pantazopoulou worked. *See* Dertouzos Dep. 27:19–25, 28:2–3.

Although the defendants did not produce paystubs for Ms. Pantazopoulou in discovery, it is undisputed based on Ms. Pantazopoulou's paystubs that Ms. Pantazopoulou has in her possession that she worked 829 hours under forty for which she was paid the straight time rate of $4.65 per hour but owed $7.25 per hour; and 4 hours above forty for which she was paid $8.28 per hour but owed $10.88 per hour. *See* Affirmation Supp. Mot. Partial Summ. J. ex. 3. Thus, the defendants owe Ms. Pantazopoulou $2,155.40 in straight time wages for unpaid minimum wages and $10.40 for unpaid overtime wages, totaling $2,166.00. Ms. Pantazopoulou asserts that she worked additional hours, and will seek damages based on these additional hours alleged at trial. *See* Second Am. Compl. ¶49.

## III.   DEFENDANTS FAILED TO PAY PLAINTIFFS UNIFORM MAINTENANCE PAY

"A required uniform is that clothing required to be worn while working at the request of an employer, or to comply with any federal, state or local law, rule, or regulation, except clothing that may be worn as part of an employee's ordinary wardrobe." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.10 (emphasis omitted). An employer must pay an employee uniform maintenance pay if the employer does not maintain required uniforms. *Id.* § 146-1.7(a). "Maintaining required uniforms includes washing, ironing, dry cleaning, alterations, repair, or any other maintenance necessary." *Id.* § 146-1.7. From July 24, 2009, to December 30, 2013, the applicable uniform maintenance pay was $9.00. *Id.* § 146-1.7(a).

From approximately from July 24, 2009, to December 30, 2013, the applicable uniform maintenance pay for workweeks over thirty hours was $9.00 per week, from December 31, 2013, to December 30, 2014, $9.95, and from December 31, 2014, to December 30, 2015, $10.90, and from December 31, 2015, to the present, $11.20. *Id.*

Ms. Cucu was required to wear a uniform consisting of an apron and a vest with a logo. *See* Dertouzos Dep. 18:18–20; Aff. Pl. Supp. Mot. Partial Summary J. (Cucu) ¶4. Ms. Cucu laundered and maintained the uniforms at her own expense, and the defendants did not pay her uniform maintenance pay. *See* Averkiou Dep. 12:8–10; Dertouzos Dep. 18:24–25, 19:2–5. Accordingly, the plaintiff is entitled to partial summary judgment that the defendants violated the Minimum Wage Act by failing to pay the plaintiff the uniform maintenance pay. Ms. Cucu started working at least on September 2012, and worked until at least January 5, 2014. *See* Affirmation in Supp. Mot. Summ. J. ex. 1 at 166–233. Ms. Cucu worked greater than thirty hours per week. *See* Averkiou Dep. 11:5–7; Dertouzos Dep. 13:22–25, 14:2–6. According to the defendants' records, Ms. Cucu worked above thirty hours per week for 56 weeks between September 24, 2012, and 21 weeks between December 31, 2013, and June 2, 2014. *See* Affirmation Supp. Mot. Partial Summ. J. ex. 1 at 250–333. Thus, Ms. Cucu is owed approximately $712.95, according to the records. Ms. Cucu will seek additional damages at trial based on the additional hours she alleges she worked. *See* Second Am. Compl. ¶23.

Ms. Iniguez was required to wear a uniform consisting of an apron with a vest with a logo. *See* Aff. Pl. Supp. Mot. Partial Summ. J. (Iniguez) ¶4. Dertouzos Dep. 32:18–23; 18:6–14, 18–20. Ms. Iniguez laundered and maintained the uniforms at her own expense, and the defendants did not pay her uniform maintenance pay. *See* Averkiou Dep. 21:18–20; Dertouzos Dep. 32:24–25. Accordingly, the plaintiff is entitled to partial summary judgment that the defendants violated the Minimum Wage Act by failing to pay the plaintiff the uniform maintenance pay. Ms. Iniguez started working at least on August 25, 2010, still works for Park Café. *See* Affirmation Supp. Mot. Partial Summ. J. ex. 1 at 334–505; Averkiou Dep. 20:16–21. Ms. Iniguez worked greater than thirty hours per week. *See* Averkiou Dep. 22:2–13; Dertouzos Dep 30:12–19, 33:9–13. According to the paystubs

and testimony from the depositions, Ms. Iniquez worked greater than thirty hours per week approximately 138 times until December 30, 2013, 8 times until February 23, 2014, then 33 times until December 31, 2014, 52 times until December 30, 2015, then 22 times through the present. *See* Affirmation Supp. Mot. Partial Summ. J. ex. 1 at 334–505; Averkiou Dep. 22:2–13; Dertouzos Dep 30:12–19, 33:9–13. Thus Ms. Iniguez is currently owed an undisputed amount of $1,320.18 in uniform maintenance pay.

Ms. Pantazopoulou was required to wear a uniform consisting of an apron with a vest with a logo. *See* Averkiou Dep. 12:3–9, 19:18–23; Dertouzos Dep. 25:14–17, 18:18–20; Aff. Supp. Mot. Partial Summ. J. (Pantazopoulou) ¶4. Ms. Pantazopoulou laundered and maintained the uniforms at her own expense, and the defendants did not pay her uniform maintenance pay. *See* Averkiou Dep. 19:24–25, 20:2; Dertouzos Dep. 25:15–17. Ms. Pantazopoulou only had one or two uniforms, and she worked five days per week. *See* Dertouzos Dep. 25:19, 22–23. Accordingly, the plaintiff is entitled to partial summary judgment that the defendants violated the Minimum Wage Act by failing to pay the plaintiff the uniform maintenance pay. Ms. Pantazopoulou worked for the defendants from November 2007 until April 2011. *See* Aff. Supp. Mot. Partial Summ. J. (Pantazopoulou) ¶2. Ms. Pantazopoulou worked greater than thirty hours per week. *See* Dertouzos Dep. 25:20–25, 27:3–6. It is undisputed based on Ms. Pantazopoulou's paystubs, that she worked greater than thirty hours approximately 24 weeks between December 3, 2009, and December 2010. *See* Affirmation Supp. Mot. Partial Summ. ex. 3. Thus, Ms. Pantazopoulou is entitled to $216.00 in uniform maintenance pay.

Ms. Pantazopoulou also asserts that the paystubs are only accurate as to a minimum number of hours Ms. Pantazopoulou worked per week. *See* Second Am. Compl. ¶49. Ms. Pantazopoulou will assert the remainder of the damages she is owed at trial.

14

### IV.   PLAINTIFFS ENTITLED TO FEDERAL AND STATE LIQUIDATED DAMAGES

The plaintiffs are entitled to liquidated damages under both the Fair Labor Standards Act and New York Labor Law. Liquidated damages under the Fair Labor Standards Act are "compensation to the employee occasioned by the delay in receiving wages caused by the employer's violation of the FLSA." *RSR Sec. Servs. Ltd.*, 172 F.3d at 142 (citing *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583–84 (1942)). Liquidated damages under the Minimum Wage Act are punitive. *See, e.g., Reilly v. NatWest Mkts. Grp., Inc.*, 181 F.3d 253, 265 (2d Cir. 1999); *Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115, 115 (N.Y. App. Div. 1980). Because they serve different purposes, a plaintiff may recover both. *Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008). *Contra Fu v. Pop Art Int'l Inc.*, No. 10 CV 8562, 2011 WL 4552436, at *5 (S.D.N.Y. Sept. 19, 2011), *not adopted on other grounds*, 2011 WL 6092309 (S.D.N.Y. Dec. 7, 2011).

An employer who seeks to avoid liquidated damages as a result of violating the provisions of the Fair Labor Standards Act bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *RSR Sec. Servs.*, 172 F.3d at 142. "To establish the requisite subjective good faith, an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). An employer who seeks to avoid liquidated damages as a result of violating the Minimum Wage Act must prove "a good faith basis to believe that its underpayment of wages was in compliance with the law." N.Y. Lab. Law § 663(1). The standard for "good faith" is the same under the Fair Labor Standards Act and the Minimum Wage Act. *See McLean v. Garage Mgmt. Corp.*, Nos. 09 CV 9325 & 10 CV 3950, 2012 U.S. Dist. LEXIS 55425, at *21 (S.D.N.Y. Apr. 19, 2012).

It is obvious that the Park Café took no "active steps" to ensure compliance with the wage and hour laws. Park Café never initiated contact with its accountant to determine whether it

15

complied with the wage and hour laws, and never talked to a lawyer about it. *See* Dertouzos Dep. 40:24–25, 41:2–5. Indeed, Park Café simply reported hours to his "bookkepper" and relied on his report regarding what to pay their employees. *See id.* at 41:8–17. There is no evidence that the defendants had a good faith basis of relying on the law when they did not properly inform their employees about the tip credit or keep proper records of tips. As a matter of law, the defendants are liable to the plaintiff for liquidated damages. Considering the defendants also simply did not pay uniform maintenance pay at all, there is no way they can attest that they had a good-faith basis of reliance on the law in order to inform the decision to pay no uniform maintenance pay.

The plaintiff is entitled to liquidated damages under the Fair Labor Standards Act in the amount of 100%, 29 U.S.C. § 216(b), and under the New York Labor Law in the amount of 100%. *Quintanilla v. Suffolk Paving Corp.*, No. 09 CV 5331, 2012 U.S. Dist. LEXIS 132469, at *8–9 (E.D.N.Y. Sept. 17, 2012); N.Y. Lab. Law § 663(1).

The plaintiffs' claims for minimum wages and overtime premium arise under the Fair Labor Standards Act and the Minimum Wage Act, and the plaintiffs are therefore entitled to liquidated damages under both.

Upon the actual damages to which Ms. Cucu is entitled to partial summary judgment for these claims, Park Café owes Ms. Cucu $1,480.50 in liquidated damages under the Fair Labor Standards Act for unpaid minimum wages, $1,480.50 in liquidated damages under the Minimum Wage Act for unpaid minimum wages. The plaintiffs' claims for uniform maintenance pay arise under the Minimum Wage Act only. Upon the actual damages to which Ms. Cucu is entitled to partial summary judgment for these claims, Park Café owes Ms. Cucu $712.95 in liquidated damages. Therefore, upon the actual damages the plaintiff seeks awarded in this motion for partial summary judgment, Park Café owes Ms. Cucu the sum of $3,673.95 in liquidated damages.

Upon the actual damages to which Ms. Iniguez is entitled to partial summary judgment for these claims, Park Café owes Ms. Iniguez $4,898.25 in liquidated damages under the Fair Labor Standards Act for unpaid minimum wages, $7,193.05 in liquidated damages under the Minimum Wage Act for unpaid minimum wages, $36.40 in liquidated damages under the Fair Labor Standards Act for unpaid overtime wages, and $36.50 in liquidated damages under the Minimum Wage Act for unpaid overtime wages. The plaintiffs' claims for uniform maintenance pay arise under the Minimum Wage Act only. Upon the actual damages to which Ms. Iniguez is entitled to partial summary judgment for these claims, Park Café owes Ms. Iniguez $1,124.43 in liquidated damages. Therefore, upon the actual damages the plaintiff seeks awarded in this motion for partial summary judgment, Park Café owes Ms. Iniguez the sum of $13,288.53 in liquidated damages.

Upon the actual damages to which Ms. Pantazopoulou is entitled to partial summary judgment for these claims, Park Café owes Ms. Pantazopoulou, $538.85 in liquidated damages under the Minimum Wage Act for unpaid minimum wages, $2.60 under the Minimum Wage Act for unpaid overtime premium. The plaintiffs' claims for uniform maintenance pay arise under the Minimum Wage Act only. Upon the actual damages to which Ms. Pantazopoulou is entitled to partial summary judgment for these claims, Park Café owes Ms. Pantazopoulou $54.00 in liquidated damages. Therefore, upon the actual damages the plaintiff seeks awarded in this motion for partial summary judgment, Park Café owes Ms. Pantazopoulou the sum of $595.45 in liquidated damages.

### V.   DEFENDANTS VIOLATED WAGE THEFT PREVENTION ACT AND PLAINTIFFS ENTITLED TO STATUTORY DAMAGES

An employer is required to furnish to an employee at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip,

meal, or lodging allowances; the regular pay day designated by the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law. N.Y. Lab. Law § 195(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2. For a violation, the employee is entitled to recover from the employer statutory damages of $50.00 per workweek that the violation occurred. N.Y. Lab. Law § 198(1-b) (amended 2014).

An employer is required to furnish an employee with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. N.Y. Lab. Law § 195(3); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3. For a violation the employee is entitled to recover from the employer statutory damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00. N.Y. Lab. Law § 198(1-d) (amended 2014).

Park Café admits that it did not give Ms. Cucu a notice and acknowledgment when she was hired, but produced a notice and acknowledgment dated February 7, 2013. *See* Averkiou Dep. 13:22–25, 14:2–5. It is undisputed that Ms. Cucu worked 19 weeks between April 9, 2011, and February 7, 2013. *See* Affirmation Supp. Mot. Partial Summ. J. ex. 1 at 250–333. Therefore, Ms. Cucu is entitled to statutory damages in the amount of $950.00 for failure to provide a notice and acknowledgment. Park Café gave Ms. Cucu fourteen wage statements with each payment of wage for fourteen weeks of work up until January 2013, but the statements did not contain her hourly

18

rate until January 2013. *See* Dertouzos Dep. 16:4–6, 15–24; Affirmation Supp. Mot. Partial Summ. J. ex. 1 at 250–333. Thus, it is undisputed that Ms. Cucu did not receive proper statements accompanying her wages from September 24, 2012 until January 2013, and she is entitled to statutory damages in the amount of $1,400.00.

Park Café gave Ms. Iniguez a statement with each payment of wage, but it did not contain her hourly rate until January 2013. *See* Dertouzos Dep. 29:12–17; Affirmation Supp. Mot. Partial Summ. J. ex.1 at 334–447. Thus, Ms. Iniguez did not receive proper statements accompanying her wages at least 69 times from April 9, 2011 until January 2013, and she is entitled to statutory damages in the full amount of $2,500.00

Mr. Averkiou, in his deposition, stated that he had copies of all of the notices and acknowledgments that he furnished to the plaintiffs and his employees, and produced those documents after his deposition. *See* Averkiou Dep. 24:23–25, 25:2–12. Thus, the notices and acknowledgments attached as exhibits to this motion are the only notices and acknowledgments that the defendants furnished to the plaintiffs.

## VI.   PROVISION FOR AUTOMATIC INCREASE OF JUDGMENT

The New York Labor Law provides that "any judgment or court order awarding remedies under this section [sections 198 and 663, as does the judgment applied for herein] shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. Lab. Law §§ 198(4), 663(4). It further provides that costs and attorneys' fees incurred in enforcement of a judgment shall be awarded to the plaintiff. *Id.*

19

## VII.  CONCLUSION

Wherefore, the plaintiffs pray the Court grant the plaintiffs' motion for partial summary judgment and rule that Park Café violated the Minimum Wage Act by failing to pay the plaintiffs uniform maintenance pay, that the defendants are ineligible to take the tip credit under the Fair Labor Standards Act and Minimum Wage Act and therefore are liable for unpaid minimum wages and overtime, and that the defendants violated Section 195(1)–(3) of the New York Labor Law, and enter judgment for the plaintiff and against the defendants for $37,496.46 plus postjudgment interest.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
John M. Gurrieri
jmgurrieri@zellerlegal.com
Brandon D. Sherr
bsherr@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249

Dated: New York, New York
June 2, 2016

Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFFS**

20