UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENISA CUCU, JUAN GALICIA, JOHANNA INIGUEZ, and JUAN M. MANZANARES MANJARREZ, and VASILIKI PANTAZOPOULOU, individually and in behalf of all other persons similarly situated,<br><br>        Plaintiffs,<br><br>–against–<br><br>861 REST. INC. d/b/a PARK CAFÉ and SOPHOCLES DERTOUZOS a/k/a SOFOKLIS DEROUZOS, jointly and severally,<br><br>        Defendants. | Civil Action No. 14-cv-1235 |

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

MANIATIS & DIMOPOULOS, P.C.
Constantine Dimopoulos
Nicole Dinos Gerace
73 Main Street
Tuckahoe, New York 10707
Tel.: (914) 472-4242
*Attorneys for Defendants*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT…………………………………………………………1

LEGAL ARGUMENT…………………………………………………………………2

    I.       SUMMARY JUDGMENT STANDARD………………………………………..2

    II.     ISSUES OF FACT EXIST AS TO WHETHER EMPLOYER
            SATISFIED REQUIREMENTS TO TAKE TIP CREDIT
            AGAINST MINIMUM WAGES……………………………………………….3

    III.    DEFENDANTS WERE NOT REQUIRED TO PAY
            PLAINTIFFS UNIFORM MAINTENANCE PAY…………………………….4

    IV.    PLAINTIFFS ARE NOT ENTITLED TO FEDERAL AND STATE
            LIQUIDATED DAMAGES………………………………………………………4

    V.     DEFENDANTS DID NOT VIOLATE THE WAGE THEFT
            PREVENTION ACT…………………………………………………………….5

CONCLUSION…………………………………………………………………………..6

**TABLE OF AUTHORITIES**

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)………………………………………..2

Barfield v New York City Health and Hosps. Corp., 537 F3d 132 (2d Cir 2008)………………6

Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)……………………………………….2

Copantitla v. Fiskardo Estiatorio, Inc., 788 F.Supp.2d 253 (S.D.N.Y.2011)……………………3

Donahue v. Windsor Locks Bd. Of Fire Comm'rs, 834 F.2d 54 (2nd Cir. 1987)…………………3

Hart v. Rick's Cabaret Int'l, Inc., 967 F.Supp.2d 901 (S.D.N.Y.2013)…………………………...3

Inclan v New York Hosp. Group, Inc., 95 F. Supp. 3d 490 (SDNY 2015)………………………5

Lanzetta v. Florio's Enters., Inc., 763 F.Supp.2d 615, 623 (S.D.N.Y.2011)……………………..3

Lytle v. Household Mfg., Inc., 494 U.S. 545, 554–555 (1990)…………………………………..2

**Statutes and Rules**

29 U.S.C. § 203(m)……………………………………………………………………….....3

29 U.S.C. § 216(b)………………………………………………………………………..4

29 U.S.C. § 251……………………………………………………………………………..4

Fed.R.Civ.P. 56(c)……………………………………………………………………….2

12 N.Y.C.R.R § 146–1.7(b)……………………………………………………………...5

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted on behalf of Defendants in opposition to Plaintiffs' Motion for Partial Summary Judgment.

## LEGAL ARGUMENT

### I.   SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only where there is no genuine issue as to any material fact and the moving party ... is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, a court must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To grant the motion, the court must determine that there is no genuine issue of material fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine factual issue derives from the "evidence [being] such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. Lytle v. Household Mfg., Inc., 494 U.S. 545, 554–555, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990); Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Liberty Lobby at 255, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. *See* Wright & Miller 299. That is, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving

party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Id., at 300, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202.

Here, it is respectfully submitted that substantial material issues of fact exist precluding a finding of summary judgment in favor of the Plaintiffs.

## II.   ISSUES OF FACT EXIST AS TO WHETHER EMPLOYER SATISFIED REQUIREMENTS TO TAKE TIP CREDIT AGAINST MINIMUM WAGES

Defendants do not dispute that under the FLSA, an employer may not claim a tip credit as to an employee's wages unless the employer has informed that employee of the provisions of the section of the FLSA permitting the tip credit. 29 U.S.C. § 203(m); see, e.g., Copantitla v. Fiskardo Estiatorio, Inc., 788 F.Supp.2d 253, 287 (S.D.N.Y.2011). Moreover, [t]his notice provision is strictly construed and normally requires that an employer take affirmative steps to inform affected employees of the employer's intent to claim the tip credit." Hart v. Rick's Cabaret Int'l, Inc., 967 F.Supp.2d 901, 934 (S.D.N.Y.2013); Lanzetta v. Florio's Enters., Inc., 763 F.Supp.2d 615, 623 (S.D.N.Y.2011).

Here, issues of fact exist precluding a finding of summary judgment as to whether Plaintiff's were properly advised of the tip credit. Mr. Averkiou and Mr. Dertouzos both testified at their depositions that they informed the Plaintiffs of their weekly tip credits and provided written notice as to the amount of the tip credit. See Averkiou Dep. 17:7-14; See Dertouzos Dep. 19:12-17. Moreover, a review of Plaintiffs' paystubs clearly demonstrates that Plaintiffs were in fact properly credited with their Reported Tips and this credit is unambiguously reflected on the copy of the pay stubs received and retained by the Plaintiffs.

The Court must resolve all factual ambiguities and draw all reasonable inferences in favor of the non-moving party. See Donahue v. Windsor Locks Bd. Of Fire Comm'rs, 834 F.2d 54, 57 (2nd Cir. 1987). Therefore, the facts must be viewed in favor of Defendants, requiring the Court to

3

assume proper tip credit notification was provided. Viewing the ambiguities in the light most favorable to Defendants, Plaintiffs are not entitled to judgment as a matter of law.

## III.    DEFENDANTS WERE NOT REQUIRED TO PAY PLAINTIFFS UNIFORM MAINTENANCE PAY

The Uniform Maintenance Pay provision upon which Plaintiffs rely also has a "[w]ash and wear exception to uniform maintenance pay," that provides:

> An employer will not be required to pay the uniform maintenance pay, where required uniforms:(1) are made of "wash and wear" materials; (2) may be routinely washed and dried with other personal garments; (3) do not require ironing, dry cleaning, daily washing, commercial laundering, or other special treatment; and (4) are furnished to the employee in sufficient number, or the employee is reimbursed by the employer for the purchase of a sufficient number of uniforms, consistent with the average number of days per week worked by the employee.

12 N.Y.C.R.R § 146–1.7(b).

There is no evidence in the record indicating that Plaintiffs' uniforms are not "wash and wear" materials, may not be routinely washed and dried with other personal garments, require ironing, dry cleaning, daily washing, commercial laundering, or other special treatment and were not furnished in sufficient number. As such, it cannot be determined at this stage whether the uniforms provided to Plaintiffs were of the "wash and wear" variety and as such, Plaintiff's request for uniform maintenance pay should be denied at this time.

## IV.    PLAINTIFFS ARE NOT ENTITLED TO FEDERAL AND STATE LIQUIDATED DAMAGES

Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages. See 29 U.S.C. § 216(b) ("Any employer who violates [the overtime provisions of the FLSA] shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation ... and in an additional equal amount as liquidated damages."). However, the Portal–to–Portal Act, 29 U.S.C. § 251 *et seq.,* which amended the FLSA, affords district courts discretion to deny liquidated damages where the employer shows

4

that, despite its failure to pay appropriate wages, it acted in subjective "good faith" with objectively "reasonable grounds" for believing that its acts or omissions did not violate the FLSA. *Id.* § 260. Barfield v New York City Health and Hosps. Corp., 537 F3d 132, 150 (2d Cir 2008).

Here, although Defendants deny violation of the Fair Labor Standards Act or New York Labor Law, Defendants respectfully submit that any potential violation was in good faith and predicated upon reasonable grounds. The evidence demonstrates that Defendants took active steps to ascertain the dictates of the FLSA and then act to comply with them.

Contrary to Plaintiff's allegations, Park Café took numerous steps to ensure compliance with the wage and hour laws. Park Café's accountant and bookkeeper is John Sekkas of the accounting firm of Kirkiles & Kotiades, LLP. See Affirmation of Nicole Dinos Gerace, Exhibit A, Defendants' Response to Plaintiffs' Interrogatories at ¶13. Mr. Dertouzos testified that he would accurately record the Plaintiffs' hours and fax the hours and tip wages for each employee to Mr. Sekkas every Monday morning. See Dertouzos Dep. 44:8-20. Mr. Dertouzos further testified that he read the material provided to him by the government regarding wage and hour laws to determine the hourly rate to pay their employees. See Dertouzos Dep. 39:11-40:23. In short, Defendants took numerous "active steps" to ensure compliance with the wage and hour laws and as such, Plaintiffs are not entitled to Federal and State Liquidated Damages.

Lastly, in the event the Court finds that Defendants did not act with the requisite subjective good faith, it is respectfully submitted that Plaintiffs are not entitled to recover 200% liquidated damages under both the FLSA and New York Labor Law. See Inclan v New York Hosp. Group, Inc., 95 F Supp 3d 490 (SDNY 2015) (declining to award both NYLL and FLSA liquidated damages because any distinction between the purposes of the two was "undermined" by amendments to the NYLL which made it virtually identical to the FLSA after November 23, 2009).

5

## V.   DEFENDANTS DID NOT VIOLATE THE WAGE THEFT PREVENTION ACT

As can be clearly seen from Plaintiffs' pay records, the wage statements provided to the Plaintiffs contained the dates of work covered by that payment of wages, the name of the employee, the rate of pay, gross wages, deductions, allowances and net wages. See Affirm. Supp. Mot. Partial Summ. J. Ex. 1, 242-506 and Exhibit 3 and as such, Defendants did not violate the Wage Theft Prevention Act.

## <u>CONCLUSION</u>

For the reasons set forth herein, Defendants respectfully request that this Court deny Plaintiffs' Motion for Partial Summary Judgment in its entirety.

Dated: Tuckahoe, New York
    July 5, 2016

MANIATIS & DIMOPOULOS, P.C.

By: <u>/s/Nicole Dinos Gerace</u>
Nicole Dinos Gerace
73 Main Street
Tuckahoe, New York 10707
Tel.: (914) 472-4242
*Attorneys for Defendants*

6