UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DENISA CUCU, JUAN GALICIA, JOHANNA INIGUEZ, and JUAN M. MANZANARES MANJARREZ, and VASILIKI PANTAZOPOULOU, individually and in behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>–against–<br><br>861 REST. INC. d/b/a PARK CAFÉ and SOPHOCLES DERTOUZOS a/k/a SOFOKLIS DEROUZOS, jointly and severally,<br><br>Defendants. | Civil Action No. 14-cv-1235 |

## COUNTER STATEMENT OF MATERIAL FACTS

Defendants 861 REST. INC. d/b/a PARK CAFÉ and SOPHOCLES DERTOUZOS a/k/a

SOFOKLIS DEROUZOS submit the following response to Defendants' Local Rules 56.1

Statement of Material Facts:

1.      Admit.

2.      Admit.

3.      Admit.

4.      Admit.

5.      Admit.

6.      Deny, that Park Café did not furnish Ms. Cucu with any written notice and

acknowledgment of her wages until February 7, 2013. Counterstatement: When questioned at his

deposition, Mr. Dertouzos stated that Ms. Cucu was furnished with written notice of her wages:

> Q. Now when you gave her her wages each week did you give her any paper that accompanied the cash wages?
> A. We have -- do we have a copy of pay?

MR. DIMOPOULOS: You guys can't talk,okay.
THE WITNESS: Do we have a copy of pay?
MR. DIMOPOULOS: Whatever we have given, I can't answer.
Q. My question is did you give any --
A. Yes, of course we give the receipt, of course, of how much money she is supposed to get. Whatever my bookkeeper sent me.
Q. You gave her a receipt?
A. Yes.
Q. What information was on that receipt?
A. How many hours she was working. How many hours, how much she paid for lunch, how much money go to the taxes, how much she get clean because they report their tips also.

See Dertouzos Dep. 16:4-24.

7.      Deny. Counterstatement: The deposition testimony Plaintiff cites to does not even mention the term "tip credit". In fact, nowhere in the depositions of Mr. Dertouzos or Mr. Averkiou is the term "tip credit" mentioned. Rather, Defendants were questioned as to whether they explained to Ms. Cucu why they were paying her the minimum wage rate.

Q. How much did you pay her?
A. When she was working over there the minimum wage for waitress was five dollars an hour and I paid them the five dollars like I paid all the other people.
Q. Did you explain to her why you were paying her five dollars an hour?
A. I have the poster there on the wall that was five dollars. Now from January 1st is 7.50. I put a new poster it's 7.50.
Q. So you always had the posters on the wall that explained it?
A. Always. For thirty one years I had the poster.
Q. But did you ever tell her?
A. Yeah, I tell her. I tell everybody that the pay is now 7.50 an hour.
Q. Did you tell her why she was getting five dollars and hour?
A. That's the law, New York State Law, you know, in New York State Law for waitress it's five. Now for other people it's nine dollars and for some other people it's more, it depends.
Q. But I'm just asking if you told her that?
A. Yes, she knew, she knew. Even now I told them now she getting 7.50.

See Averkiou Dep. 12:11-13:9.

8.      Deny. Counterstatement: Ms. Cucu was paid a base rate of $5.00 per hour and received tips bringing her hourly rate within the applicable minimum wage. See Affirm. Supp. Mot. Partial Summ. J. Ex. 1 at 250-333.

9.      Admit.

10.     Admit.

11.     Admit that Ms. Cucu asserts and alleges that she worked in excess of the approximately 35 per week that the defendants' records show. Counterstatement: Defendants deny that Ms. Cucu worked in excess of the approximately 35 hours per week that the defendants' records show.

12.     Admit.

13.     Admit only that the defendants did not pay Ms. Cucu uniform maintenance pay.

14.     Admit.

15.     Admit only that Ms. Iniguez works for Park Café at the present time.

16.     Deny that Park Café never gave Ms. Iniguez any written notice concerning her wages or informed her of the tip credit until February 7, 2013. Counterstatement: When questioned regarding the matter in which Ms. Iniguez was compensated, Mr. Averkiou responded as follows:

> Q. Did you pay her cash?
> A. Yes, exactly the same way we paid the other ones.
> Q. Did you give her a receipt with each payment?
> A. Yes.
> Q. And it had the same information as the other ones did?
> A. Yes.

Dertouzos Dep. 29:9-17.

17.     Deny. Counterstatement: Despite Plaintiff's citation to Defendants' depositions, as set forth above, Defendants' were never questioned regarding the tip credit.

18.     Admit.

19.     Deny.

20.     Admit that Ms. Iniguez contends she worked hours in excess of those contained on the pay receipts. Counterstatement: Defendants deny that Ms. Iniguez worked hours in excess of those contained on the pay receipts.

21.     Admit.

22.     Admit.

23.     Admit only that Ms. Iniguez has worked greater than 30 hours per week.

24.     Admit.

25.     Deny that Ms. Iniguez worked in addition to the hours represented on the paystubs.

26.     Admit.

27.     Admit.

28.     Admit.

29.     Admit.

30.     Admit.

31.     Admit.

32.     Deny. Counterstatement: Mr. Averkiou tried to approximate the dates that Ms. Pantazopoulou worked for Park Café, but he indicated "I'm not exactly sure how long she worked because I have too many employees" See Averkiou Dep. 16:18-22.

33.     Admit.

4

34.	Admit.

35.	Deny.  Mr. Averkiou testified that Ms. Pantazopouloiu was provided written receipts (statements) concerning her wages. See Averkiou Dep. 19:9-17.

36.	Deny. Counterstatement: Despite Plaintiff's citation to Defendants' depositions, as set forth above, Defendants' were never questioned regarding the tip credit.

37.	Admit.

38.	Deny.

39.	Admit that Ms. Pantazopoulos asserts she worked additional hours, but Defendants' deny that Ms. Pantazopoulos worked additional hours.

40.	Admit.

41.	Admit.

42.	Admit.

43.	Admit.

44.	Deny, Mr. Dertouzos did not testify that the Defendants "never initiated contact with its accountant to dermine whether it complied with the wage and hour laws."

45.	Deny, Mr. Dertouzos testified that he reads the material provided to him by the government regarding wage and hour laws to determine the hourly rate to pay their employees. See Dertouzos Dep. 39:11-40:23.

Dated: Tuckahoe, New York
      July 5, 2016

                        MANIATIS & DIMOPOULOS, P.C.

                        By: /s/Nicole Dinos Gerace
                        Nicole Dinos Gerace
                        73 Main Street
                        Tuckahoe, New York 10707
                        Tel.: (914) 472-4242
                        *Attorneys for Defendants*